**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: January 29 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 04-30828 |
| | ) | |
| Todd D. Deem, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION

This case came before the court for hearing on the Chapter 7 Trustee's objection to Debtor's claimed exemption in a New England Variable Annuity under Ohio Revised Code § 2329.066(a)(10)(b).[1] [Doc. # 34]. For the reasons that follow, the Trustee's objection will be overruled.

### FACTUAL BACKGROUND

Debtor is a 36 year old public school teacher. The annuity at issue is a New England Deferred Variable Annuity, contract number V455525, ("the Annuity") valued in Debtor's amended Schedule B in the amount of $7,747.47. Debtor testified that the Annuity is a retirement annuity that was offered through his employment. The Annuity includes an endorsement indicating that it is qualified as a tax-sheltered annuity under § 403(b) of the Internal Revenue Code and, as such, provides that payments cannot be withdrawn "until the Owner attains age 59 1/2, retires, terminates employment, becomes disabled, encounters financial hardship or dies." [Ex. B, unnumbered p. 25]. Further, it includes an anti-alienation

---

[1] The Trustee also objected to exemptions in a New England Life Insurance Policy and a New England Life Insurance Company Mutual Investors Fund, both of which the parties represented to the court have now been turned over to the Trustee.

clause pursuant to 26 U.S.C. §§ 401(a) and 403(b). In the event of Debtor's death, the named beneficiary under the Annuity is his former girlfriend. Debtor contributes $100 per month to the Annuity.

## LAW AND ANALYSIS

In light of the decision of the Ohio legislature to opt out of the federal exemptions provided in 11 U.S.C. § 522(d), *see* Ohio Rev. Code § 2329.662, Debtor may assert the exemptions to which he is entitled under the laws of the state in which he is domiciled, in this case Ohio. 11 U.S.C. § 522(b). In his amended Schedule C, Debtor claims an exemption in the Annuity under Ohio Revised Code § 2329.66(A)(10)(b).[2] Under Bankruptcy Rule 4003(c), the Chapter 7 Trustee bears the burden of proving that the exemption is not properly claimed.

Ohio Revised Code § 2329.66(A)(10)(b) allows a debtor to exempt his

> right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit-sharing plan or a payment included in division (A)(6)(b) or (10)(a) of this section, on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of the person's dependents, except if all the following apply:
>
> (i) The plan or contract was established by or under the auspices of an insider that employed the person at the time the person's rights under the plan or contract arose.
>
> (ii) The payment is on account of age or length of service.
>
> (iii) The plan or contract is not qualified under the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended.

In his objection, the Trustee argues only that the Annuity is not exempt since the beneficiary is not a spouse or dependent of Debtor and that "it is not clear whether [the Annuity] is an exempt annuity under Section 2329.66(A)(10)(b)." [Doc. # 34]. There is, however, no requirement in § 2329.66(A)(10)(b) that a particular beneficiary be named. And the Trustee offers no argument as to why the Annuity is not otherwise exempt under that subsection. Nevertheless, because debtors generally may amend their bankruptcy schedules "as a matter of course at any time before the case is closed," Fed. R. Bankr. P. 1009(a), and because, even if § 2329.66(A)(10)(b) does not provide the proper exemption in this case, the court credits Debtor's argument at the hearing that the Annuity is exempt because it is a qualified annuity

---

[2] At the hearing, Debtor also argued that the Annuity is exempt under 11 U.S.C. § 522(n). However, that subsection was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act") and does not apply to cases commenced under Title 11 before October 17, 2005, the effective date of the Act. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1501(b)(1), Pub. L. No. 109-8, 119 Stat. 23, 216. Debtor's bankruptcy case was commenced on February 13, 2004. Thus, new § 522(n) does not apply in this case.

2

under § 403(b) of the Internal Revenue Code through his employment with the Toledo public schools and contains a required anti-alienation clause. [Ex. B, unnumbered p.25]. The court finds that the Annuity is clearly exempt under § 2329.66(A)(17), which exempts any property "that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the [Bankruptcy Code]." *See In re Sforzo*, 332 B.R. 294 (Bankr. N.D. Ohio 2005) (finding § 403(b) annuity containing anti-alienation provisions exempt under § 2329.66(A)(17)); *In re True*, 340 B.R. 597 (Bankr. N.D. Ohio 2006) (same). Although Debtor has not properly claimed the exemption under § 2329.66(A)(17), the court will overrule the Trustee's objection subject to Debtor amending his Schedule C to do so.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Objection to Exemption [Doc. 34] be, and hereby is, **OVERRULED** subject to Debtor amending Schedule C to properly reflect Ohio Revised Code § 2329.66(A)(17) as an additional basis for exemption within fourteen days from the date of this order.